UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CATLIN INDEMNITY COMPANY,**

    Plaintiff,

Case No. 14-13685

HONORABLE DENISE PAGE HOOD

v.

**WESTFIELD INSURANCE COMPANY,**

    Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS
AND DISMISSING CASE**

**I.   BACKGROUND**

On September 23, 2014, Plaintiff Catlin Indemnity Company filed the instant action against Defendant Westfield Insurance Company alleging three counts: Subrogation (Count I); Equitable Subrogation (Count II); and, Equitable Contribution–In the Alternative (Count III).

The underlying matter arises from the drowning death on November 8, 2013 when KeAir Swift, a student at East Detroit High School, a part of the East Detroit Public Schools, located in Macomb County, Michigan, drowned in the school's pool. (Comp., ¶ 9)  Lakisha Swift, KeAir Swift's mother and personal representative of the estate, filed a lawsuit in state court, *Swift v. Sails,* Case No. 14-550-NO (Macomb

County Circuit Court). (Comp., ¶ 3) Jonathan Sails was the substitute teacher on the day KeAir Swift drowned. (Comp., ¶¶ 11, 26) The Professional Educational Service Group, LLC ("PESG") is a teacher staffing company that maintains a roster of teachers, secretaries, lunch aids and custodians, assigning them to work at various public schools throughout Michigan, including East Detroit High School. (Comp., ¶ 13) In the underlying lawsuit, Swift alleged that Sails had applied and was hired and paid through PESG, who assigned Sails to East Detroit High School. (Comp., ¶ 14)

Catlin issued a policy of insurance to the East Detroit Public Schools. (Comp., ¶ 1) Westfield is an insurance company that issued a policy of insurance to PESG. (Comp., ¶ 2) The underlying lawsuit was settled with a portion of the total settlement amount being paid by Catlin and the remainder amount by Westfield. (Comp., ¶ 19) Catlin and Westfield agreed that the payments are subject fo a full and complete reservation of rights as to each other for pursuing payments made to defend and/or settle the underlying lawsuit. (Comp., ¶ 20)

In lieu of an Answer, Westfield filed the instant Motion to Dismiss, or alternatively, Motion for Abstention pending issues raised in the underlying lawsuit as to indemnity issues. A response, reply and supplemental briefs have been filed. A hearing was held on the matter on May 6, 2015.

After the hearing was held, Westfield filed a supplemental brief noting that the

Macomb County Circuit Court had decided which of the two parties' insured were liable for the drowning death of the student. The Macomb County Circuit Court found that East Detroit Public Schools (Catlin's insured) was solely liable for the death of the student because it made the decision, in violation of state laws, to place a non-certified substitute teacher in charge of a swimming class in the absence of a certified lifeguard, and because it did so without the knowledge or approval of the contractor, PESG, that provided the substitute teacher (Westfield's insured). The Macomb County Circuit Court ruled that by virtue a mutual indemnity provision in its written agreement with PESG that East Detroit Public Schools "automatically accepts liability" for claims arising out of its use of a substitute teacher in a manner not approved by the contractor, only East Detroit Public Schools was solely liable for the death of the student. (Doc. No. 11-1, Opinion, Pg ID 679) Catlin did not respond to Westfield's supplemental brief. Westfield now moves for dismissal of the action for subrogation.

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court

explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). To survive a motion to

dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

### B. Subrogation (Count I)

In Michigan, "where an insurer, whose liability is arguably secondary to that of a primary insurer, pays the claim, it becomes subrogated to the rights of the insured." *Federal Kemper Ins. Co. v. Western Ins. Cos.,* 97 Mich. App. 204, 208 (1980). "A subrogee acquires no greater rights than those possessed by his subrogor and the subrogated insurer is merely substituted for his insured." *Id.* at 210 (quoting *Indemnity Ins. Co. of North America v. Otis Elevator Co.,* 315 Mich. 393 (1946)).

Based on the Macomb County Circuit Court's May 12, 2015 decision finding that East Detroit Public Schools is solely liable for the student's death, Catlin, as the school's insurer, possess no rights against Westfield, PESG's insurer. Catlin has failed to state a subrogation claim against Westfield.

### C.     Equitable Subrogation (Count II)

Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other. *In re Lewis*, 398 F.3d 735, 747 (6th Cir. 2005)(construing Michigan law). For the same reasons set forth above, Catlin fails to state a claim upon which relief may be granted since East Detroit Public Schools (Catlin's insured) is solely liable for the student's death. Westfield's insured, PESG, is not responsible for the student's death based on the Macomb County Circuit Court's decision.

### D.     Equitable Contribution (Count III)

In Michigan, a party seeking equitable contribution must show (1) a "common liability" owed by the wrongdoers to the injured plaintiff, and (2) payment or satisfaction by the party seeking contribution of the entire obligation or more than his share of the common obligation. *Caldwell v. Fox,* 394 Mich. 401, 419-20 (1975).

Based on the Macomb County Circuit Court's decision, Westfield is not liable to Catlin because there is no "common liability" between Westfield and Catlin where Catlin's insured, East Detroit Public Schools, was found to be solely liable for the student's death.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Westfield's Motion to Dismiss **(Doc. No. 4)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED.

<u>S/Denise Page Hood</u>
Denise Page Hood
United States District Judge

Dated:  September 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2015, by electronic and/or ordinary mail.

<u>S/LaShawn R. Saulsberry</u>
Case Manager